### PEOPLE v. DWYER.

(Court of General Sessions, New York County. May 22, 1912.)

1. MUNICIPAL CORPORATIONS (§ 592*)—ORDINANCES—SPEED REGULATIONS.

The ordinance of New York City regulating the speed of motor vehicles was not superseded by the Motor Vehicle Law (Consol. Laws 1909, c. 25); section 299 thereof prohibiting local ordinances "except as herein otherwise provided," and expressly providing that the inhibition shall not apply to cities of the first class.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1311–1314; Dec. Dig. § 592.*]

2. MUNICIPAL CORPORATIONS (§ 592*)—ORDINANCES—SPEED REGULATIONS—"OTHER CITIES."

It is not necessary to the validity of an ordinance of New York City regulating the speed of motor vehicles that the city's streets shall be "posted," as provided in Motor Vehicle Law (Consol. Laws 1909, c. 25) § 299; such section expressly providing that the posting shall apply to "other cities," meaning cities other than those of the first class, which had just been mentioned.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1311–1314; Dec. Dig. § 592.*]

Appeal from City Magistrate's Court of New York City.

John Dwyer was convicted of violating an ordinance as to speed of motor vehicles (26 N. Y. Cr. R. 315, 136 N. Y. Supp. 148), and appeals. Affirmed.

Gerard J. Cuoco and Jos. B. Rosenback, both of New York City, for appellant.

Chas. S. Whitman, of New York City (Jas. A. Delehanty, Dist. Atty., of New York City, of counsel), for the People.

SWANN, J. This is an appeal by the defendant from a judgment of conviction in the City Magistrate's Court, convicting the defendant of a violation of the city ordinance regulating the speed of motor vehicles.

[1] The facts in the case are not disputed, and on this appeal the defendant raises a question of law solely. Stripped of the technical legal forms of expression, the question is whether in the city of New York the local ordinance regulating the speed of motor vehicles was superseded by the Motor Vehicle Law (familiarly known as the Callan Law).

By section 299 of the Motor Vehicle Law local ordinances are prohibited "except as herein otherwise provided," and in the same

section it is expressly provided that the inhibition against local ordinances shall not apply to cities of the first class in the following words:

"Provided that nothing in this article contained shall impair the validity or effect of any ordinances regulating the speed of motor vehicles or of any traffic regulations with regard to the operation of motor vehicles heretofore or hereafter made, adopted or prescribed pursuant to law in any city of the first class."

[2] Nor is it necessary to the validity of an ordinance of a city of the first class that the city's streets should be "posted" as provided in section 299, as it is expressly provided by that section that the posting shall apply to "other cities" (meaning cities other than those of the first class, which had just been mentioned). This construction of the Motor Vehicle Law is in strict accordance with the canons of statutory construction and gives meaning and effect to all of the provisions of section 299.

The construction contended for by the appellant would render some of the provisions of the section meaningless, and from the extreme difficulty of the city of New York in complying with the provision for posting its streets it would almost make a local ordinance impossible, and it cannot be seriously contended that the legislative intent was to permit motor cars to speed through the streets of New York at any such extraordinary rate.

It may be that the present local ordinance restricts the speed unduly, as contended by the appellant; but that is a question of policy and not of law, and relief may be obtained by an amendment of the ordinance.

The judgment of conviction is affirmed.